# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BRAD PAUL SMITH                                                                                              PLAINTIFF
ADC #660448

v.                                          5:17cv00222-BSM-JJV

DEBRA SCOTT, Sergeant,
Delta Regional Unit; *et al.*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Brad Paul Smith ("Plaintiff") is incarcerated at the Delta Regional Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He alleges he was subjected to cruel and unusual punishment when he was forced to go without a mat for thirty-seven hours. (*Id*. at 3-4.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner

has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

Plaintiff states his mat was taken from him in a shake down.  (Doc. No. 1 at 3.)  He asked Defendant Dalvin Thomas for another one, but Defendant Thomas stated Plaintiff would not receive a mat if he was not on the list.  (*Id.*)  Plaintiff asked to speak with Defendant Debra Scott, who told him to put in a request.  (*Id.*)  Plaintiff alleges he went thirty-seven hours without a mat in violation of prison policy requiring inmates have a mat the entire time of confinement.  (*Id.*)  He seeks $25,000 for "cruel and unusual punishment" and $3,000 for his "pain and suffering."  (*Id.* at 4.)

Plaintiff has sued Defendants in their official capacities only and seeks only money damages.  (*Id.* at 2, 4.)  His claims are barred pursuant to the doctrine of sovereign immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office and, as such, is no different from a suit against the state itself, which is barred by the Eleventh Amendment unless the state has waived its immunity); *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991) (the State of Arkansas has not waived its Eleventh Amendment immunity).

In addition, Plaintiff's allegations do not amount to a constitutional violation.  To establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show (1) the alleged deprivation is objectively, sufficiently serious, resulting in the denial of the minimal civilized measure of life's necessities; and (2) prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning the officials actually knew of and disregarded the risk.  *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  The denial of a mat for thirty-seven hours[1] simply does not rise to the level of an objectively serious deprivation.  *See Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (the length of time a prisoner is subjected to harsh conditions is a "critical factor"); *see also O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (neither sleeping on a concrete slab for four days nor being denied a blanket and mattress for three days constitutes denial of minimal

---

[1] Plaintiff states his mat was taken at approximately 8:50 am.  (Doc. No. 1 at 3.)  Therefore, he was only without a mat for one night.

4

civilized measure of life's necessities); *Williams*, 49 F.3d at 445-46 (being denied a mattress for four days does not constitute denial of minimal civilized measure of life's necessities). Moreover, the fact that Plaintiff may have suffered pain and discomfort is insufficient to prove the subjective element, which requires a showing of an excessive risk to his health or safety. *See O'Leary*, 79 F.3d at 84. Plaintiff's allegations do not establish deliberate indifference on the part of Defendants.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

DATED this 8th day of September, 2017.

                                                        _____
                                                        JOE J. VOLPE
                                                        UNITED STATES MAGISTRATE JUDGE